FILED
2017 May-11  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A



**ALABAMA SJIS CASE DETAIL**

**PREPARED FOR: JOE DRIVER**

County: **64**     Case Number: **CV-2017-900130.00**     Court Action:

Style: **BARBARA SUE SHERER V. DOLLAR GENERAL**

Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/7/2017 | 4:52 PM | ECOMP | COMPLAINT E-FILED. | MAR179 |
| 4/7/2017 | 4:54 PM | FILE | FILED THIS DATE: 04/07/2017          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | ASSJ | ASSIGNED TO JUDGE: JERRY K. SELMAN          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 4/7/2017 | 4:54 PM | C001 | C001 PARTY ADDED: SHERER BARBARA SUE          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | C001 | LISTED AS ATTORNEY FOR C001: BARRENTINE JOELETTA | AJA |
| 4/7/2017 | 4:54 PM | D001 | D001 PARTY ADDED: DOLLAR GENERAL          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/7/2017 | 4:54 PM | D001 | CERTIFIED MAI ISSUED: 04/07/2017 TO D001   (AV02) | AJA |

 **END OF THE REPORT**

ELECTRONICALLY FILED
5/7/2017 4:52 PM
64-CV-2017-900130.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>64<br><br>Date of Filing:<br>04/07/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA
### BARBARA SUE SHERER v. DOLLAR GENERAL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| MAR179 | 4/7/2017 4:52:29 PM | /s/ JOELETTA MARTIN |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
5/1/2017 4:52 PM
64-CV-2017-900130.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

| | | |
|---|---|---|
| BARBARA SUE SHERER<br>        PLAINTIFF, | )<br>)<br>) | IN THE CIRCUIT COURT OF |
| vs | )<br>)<br>) | WALKER COUNTY, ALABAMA<br><br>CASE NUMBER: |
| DOLLAR GENERAL CORPORATION,<br>DG PORTFOLIO-SRT, LLC, a Foreign Limited<br>Liability Company, doing business as<br>DOLLAR GENERAL, on Airport Road in<br>Jasper, Alabama<br>Fictitious Defendants A, B, C, and D are those<br>entities and/or individuals who own and/or<br>operate the Dollar General store on the Airport<br>Road in Jasper, Alabama, whose names are<br>otherwise unknown, but who will be added by<br>amendment when ascertained;<br>Fictitious Defendants E, F, G, and H are those<br>entities and/or individuals who are and/or were<br>responsible for properly stocking the shelves at<br>the Dollar General store on the Airport Road<br>in Jasper, Alabama, whose names are<br>otherwise unknown, but who will be added by<br>amendment when ascertained;<br>Fictitious Defendants X, Y, and Z are those<br>entities and/or individuals who are and/or were<br>the manager and/or the assistant manager or<br>other employee who made the decision to over<br>stock the shelves at the Dollar General store on<br>the Airport Road in Jasper, Alabama, whose<br>names are otherwise unknown, but who will be<br>added by amendment when ascertained<br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## COMPLAINT

## COUNT ONE

1.    The Plaintiff, **Barbara Sue Sherer**, 2801 North Airport Road, Jasper, Alabama 35504, is over the age of nineteen (19) years and is a resident citizen of Walker County, Alabama.

2.    The Defendant, **DG PORTFOLIO-SRT, LLC**, 30 Orange Avenue, Larkspur, CA 94939, is a foreign corporation, which owns and operates the **DOLLAR GENERAL** store on Airport Road in Jasper, Walker County, Alabama.

**3.**     Fictitious Defendants A, B, C, and D are those entities and/or individuals who own and/or operate the Dollar General store on the Airport Road in Jasper, Alabama, whose names are otherwise unknown, but who will be added by amendment when ascertained;

**4.**     Fictitious Defendants E, F, G, and H are those entities and/or individuals who are and/or were responsible for properly stocking the shelves at the Dollar General store on the Airport Road in Jasper, Alabama, whose names are otherwise unknown, but who will be added by amendment when ascertained;

**5.**     Fictitious Defendants X, Y, and Z are those entities and/or individuals who are and/or were the manager and/or the assistant manager or other employee who made the decision to over stock the shelves at the Dollar General store on the Airport Road in Jasper, Alabama, whose names are otherwise unknown, but who will be added by amendment when ascertained

**6.**     On or about the 7th day of April 2015, the Plaintiff was a business invitee on the premises of the defendant's retail store at Airport Road, Jasper, Alabama 35504, for the purpose of purchasing merchandise from the defendant.  On this occasion, the defendant negligently and/or wantonly caused, permitted, allowed or created a dangerous condition to exist on these premises in the form of unusually overstocked shelves and merchandise which was in the process of being stocked cluttering the isles.  Due to the overstocked shelves and insufficient space for their merchandise a box of metal tables fell from the shelves causing injury to the plaintiff's leg. Defendants had actual notice and constructive notice of this condition and yet failed to exercise reasonable care with respect to its maintenance of its premises, thereby negligently and/or wantonly failing to discover and remove this condition.

**7.**     As a proximate consequence of the negligence and/or wantonness of the Defendants and all of them, the Plaintiff was caused to suffer the following injuries and damages:

    **A.**     The Plaintiff suffered injuries including but not limited to injury to her leg requiring her to undergo extensive testing, wearing a corrective boot for an extended period of time and procedures to identify and treat said injuries.

**8.**     As a proximate consequence of the negligence and/or wantonness of the Defendants and all of them, the Plaintiff was caused to sustain personal injury, incurred hospital, doctor and medical expenses and suffered physical pain and mental anguish.

**WHEREFORE**, the Plaintiff, **Barbara Sue Sherer**, demands judgment against the Defendants, and fictitious Defendants A, B, C, D, E, F, G, H, X, Y, and Z for compensatory and punitive damages in an amount deemed appropriate by their trier of fact, and costs.

**JOELETTA M. BARRENTINE**
**Attorney for Plaintiff**

/s/ Joeletta Martin Barrentine
Joeletta Martin Barrentine (MAR179)
P.O. Box 740
Sumiton, AL 35148
(205) 648-3747
joeletta@aol.com

**TO BE SERVED ON THE DEFENDANTS:**

**DG Portfolio-SRT, LLC**
**c/o Business Filing Incorporated**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**



AlaFile E-Notice

64-CV-2017-900130.00

To:   JOELETTA MARTIN
      joeletta@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

BARBARA SUE SHERER V. DOLLAR GENERAL
64-CV-2017-900130.00

The following complaint was FILED on 4/7/2017 4:53:27 PM

Notice Date:     4/7/2017 4:53:27 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268



AlaFile E-Notice

64-CV-2017-900130.00

To:  DOLLAR GENERAL
     DG PORTFOLIO-SRT, LLC
     2 N. JACKSON ST, STE 605
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

BARBARA SUE SHERER V. DOLLAR GENERAL
64-CV-2017-900130.00

The following complaint was FILED on 4/7/2017 4:53:27 PM

Notice Date:     4/7/2017 4:53:27 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>64-CV-2017-900130.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA
### BARBARA SUE SHERER V. DOLLAR GENERAL

**NOTICE TO:** DOLLAR GENERAL, DG PORTFOLIO-SRT, LLC 2 N. JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOELETTA MARTIN

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 740, SUMITON, AL 35148

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of BARBARA SUE SHERER
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 4/7/2017 4:53:27 PM | /s/ SUSAN ODOM | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ JOELETTA MARTIN
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

_____     _____     _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____     _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
5/9/2017 12:28 PM
64-CV-2017-900130.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **BARBARA SHERER,** ) | |
| ) | |
| **Plaintiff(s),** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.: 64-CV-2017-900130** |
| ) | |
| **DOLLAR GENERAL CORPORATION,** ) | |
| **DG PORTFOLIO-SRT, LLC, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

---

## DEFENDANT'S ANSWER TO COMPLAINT

---

COMES NOW the Defendant designated as "DG Portfolio-SRT, LLC," and for Answer to the Plaintiff's Complaint states as follows:

### FIRST DEFENSE

Defendant denies it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### SECOND DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause her alleged injuries and damages.

### THIRD DEFENSE

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant, but were the result of acts or omissions of other persons.

**FOURTH DEFENSE**

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence of Defendant and Plaintiff's alleged injuries or damages.

**FIFTH DEFENSE**

Defendant avers that the Plaintiff is not the proper party to prosecute this action.

**SIXTH DEFENSE**

Defendant avers that Plaintiff assumed the risk of her injuries and damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in that the condition complained of was open and obvious.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by collateral estoppel, judicial estoppel and/or res judicata.

**NINTH DEFENSE**

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**TENTH DEFENSE**

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FIFTEENTH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**SIXTEENTH DEFENSE**

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**SEVENTEENTH DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**EIGHTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

**NINETEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**TWENTIETH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to

4

determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TWENTY-FIFTH DEFENSE

Defendant denies notice of the condition set forth in Plaintiff's Complaint.

## TWENTY-SIXTH DEFENSE

Defendant denies notice of the alleged condition alleged in Plaintiff's Complaint.

## TWENTY-SEVENTH DEFENSE

Defendant pleads the general issue.

## TWENTY-EIGHTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## TWENTY-NINTH DEFENSE

Defendant claims as a set-off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

## THIRTIETH DEFENSE

Defendant pleads as a defense that Plaintiff has failed to mitigate her alleged damages.

## THIRTY-FIRST DEFENSE

Defendant pleads the statute of limitations.

## RESPONSE TO SPECIFIC ALLEGATIONS OF COMPLAINT

For response to Plaintiff's individually numbered paragraphs within her Complaint, Defendant responds as follows:

## COUNT 1

1.     Defendant admits that Plaintiff is a resident of Walker County, Alabama. Further, Defendant avers that Plaintiff is domiciled in the State of Alabama and intends to reside and remain in the State of Alabama and is, therefore, a citizen of the State of Alabama.

2.      Defendant admits that it is a foreign limited liability company with its principle place of business in Larkspur, California.  Defendant denies that it owns and operates the Dollar General store on Airport Road in Jasper, Walker County, Alabama.

3.       No material allegations are made against Defendant. Thus, no response is required.

4.      No material allegations are made against Defendant. Thus, no response is required.

5.      No material allegations are made against Defendant. Thus, no response is required.

6.      Defendant denies the material allegations of this paragraph and demands strict proof thereof.

7.      Defendant denies the material allegations of this paragraph and demands strict proof thereof.

8.      Defendant denies the material allegations of this paragraph and demands strict proof thereof.

WHEREFORE, Defendant denies that Plaintiff is entitled to the judgment claimed for compensatory and punitive damages.

Respectfully submitted this the 11th day of May, 2017.

/s/ Joseph H. Driver
JOSEPH H. DRIVER (ASB-4317-R52J)
Attorney for Defendant,
DG Portfolio-SRT, LLC

**OF COUNSEL**:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
Email:  jdriver@carrallison.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of May, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;

_____ Hand Delivery;

_____ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

__XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Joeletta Martin Barrentine
P.O. Box 740
Sumiton, Alabama 35148

/s/ Joseph H. Driver
OF COUNSEL

ELECTRONICALLY FILED
5/1/2017 12:28 PM
64-CV-2017-900130.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | | |
|---|---|---|
| **BARBARA SHERER,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 64-CV-2017-900130** |
| | ) | |
| **DOLLAR GENERAL CORPORATION,** | ) | |
| **DG PORTFOLIO-SRT, LLC, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

_____

### WAIVER OF SERVICE
_____

COMES NOW Defendant DG Portfolio-SRT, LLC and, pursuant to Alabama Rule of Civil

Procedure 4(h), hereby gives notice that it waives service of Plaintiff's Complaint in this action.

Done this the 11th day of May, 2017.


/s/ Joseph H. Driver
Joseph H. Driver (ASB-4317-R52J)
Attorney for Defendant,
DG Portfolio-SRT, LLC


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
Email:  jdriver@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly addressed and first
class postage prepaid to; and/or
__XX__ Using the Alafile or CM/ECF system which will send notifications of such to the
following:

Joeletta Martin Barrentine
P.O. Box 740
Sumiton, Alabama 35148

/s/ Joseph H. Driver
OF COUNSEL



AlaFile E-Notice

64-CV-2017-900130.00

To:   JOSEPH H DRIVER
      jdriver@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

BARBARA SUE SHERER V. DOLLAR GENERAL
64-CV-2017-900130.00

The following answer was FILED on 5/11/2017 12:27:35 PM

Notice Date:     5/11/2017 12:27:35 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268



**AlaFile E-Notice**

64-CV-2017-900130.00

To: DOLLAR GENERAL (PRO SE)
DG PORTFOLIO-SRT, LLC
2 N. JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

BARBARA SUE SHERER V. DOLLAR GENERAL
64-CV-2017-900130.00

The following answer was FILED on 5/11/2017 12:27:35 PM

Notice Date:     5/11/2017 12:27:35 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268



AlaFile E-Notice

64-CV-2017-900130.00

To:  BARRENTINE JOELETTA MARTI
     joeletta@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

BARBARA SUE SHERER V. DOLLAR GENERAL
64-CV-2017-900130.00

The following answer was FILED on 5/11/2017 12:27:35 PM

Notice Date:      5/11/2017 12:27:35 PM

SUSAN ODOM
CIRCUIT COURT CLERK
WALKER COUNTY, ALABAMA
1803 3RD AVE
SUITE 205
JASPER, AL, 35501

205-384-7268